UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BOLLINGER SHIPYARDS, INC./BOLLINGER**     **CIVIL ACTION**
**ALGIERS, L.L.C.**

**VERSUS**     **NO. 10-2456**

**LUHR BROS., INC., ET AL.**     **SECTION "L" (3)**

### ORDER AND REASONS

Currently pending before the Court is the United States's motion to dismiss for lack of jurisdiction. (Rec. Doc. 11). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.    BACKGROUND**

This case arises out of alleged damage to a dry dock owned by Plaintiff Bollinger Shipyards, Inc./Bollinger Algiers, L.L.C. Bollinger alleges that the damage was caused when an unnamed moored vessel swung out into the Mississippi River and hit the dry dock.

Bollinger filed suit in this Court against Luhr Bros., Inc., the unnamed vessel, and the United States Army Corps of Engineers, alleging that those Defendants failed to secure the unnamed vessel or otherwise negligently caused the allision to occur. The United States of America was not named as a defendant. Bollinger invoked this Court's admiralty jurisdiction.

The United States of America now moves to dismiss the claim against the United States Army Corps of Engineers without prejudice. The United States argues that the Suits in Admiralty Act provides the operative waiver of sovereign immunity to Plaintiff's suit, and that the Act makes the United States of America, not the Army Corps of Engineers, the sole proper named defendant. Furthermore, the United States contends that it has not been properly served

pursuant to Federal Rule of Civil Procedure 4. Accordingly, the United States argues that the claims against Army Corps of Engineers should be dismissed without prejudice. Bollinger opposes the motion, arguing that it should have additional time to serve the United States with the complaint and summons.

## II.    LAW AND ANALYSIS

Bollinger's complaint falls within this Court's admiralty jurisdiction. Any suit seeking to recover based on the conduct of the United States or its agencies must fall within a waiver of sovereign immunity. Through the Suits in Admiralty Act, the United States has waived sovereign immunity to *in personam* admiralty actions. 46 U.S.C. § 30903.[1] The SAA expressly states that suit under the SAA is "exclusive of any other remedy against the officer, employee, or agent of the United States." 46 U.S.C. § 30904. Thus, the United States of America is the sole proper defendant for claims brought pursuant to the SAA. *E.g.*, *Good v. Ohio*, 149 F.3d 413, 417 (6th Cir. 1998); *Williams v. United States*, 711 F.2d 893, 897-98 (9th Cir. 1983). The United States Army Corps of Engineers is not a proper defendant in this suit and Plaintiff's claims against it must be dismissed without prejudice.

The Court need not reach the question of whether service has properly been effected on the United States of America or whether Bollinger is entitled to additional time pursuant to Rule of Civil Procedure 4(m) to effect service on the United States.

## IV.    CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the United States's motion is GRANTED and Plaintiff's claims

---

[1] The allegations do not implicate the Public Vessels Act, an alternate waiver of sovereign immunity to certain admiralty suits.

against the United States Army Corps of Engineers are dismissed without prejudice.

New Orleans, Louisiana, this  2nd  day of  February , 2011.

_____
UNITED STATES DISTRICT JUDGE